KANSAS CITY WHOLESALE GROCERY CO., RESPONDENT, v. H. T. POINDEXTER & SONS MERCHANDISE COMPANY, APPELLANT.—107 S. W. (2d) 841.

Kansas City Court of Appeals. July 19, 1937.

*Mathews Paxton* and *F. K. Ferguson* for respondent.

W. *S. McClintock* and *A. L. Quant* for appellant.

CAMPBELL, C.—The plaintiff brought this suit to recover the balance of an account for merchandise sold by it to the New Bargain Stores, Inc., between August 12, 1932 and April 30, 1933. The cause was tried to the court without a jury. The judgment was for the plaintiff in the sum of $281.68. · The defendant has appealed.

The evidence shows that beginning August 13, 1932 and ending April 30, 1933, the plaintiff at various times sold merchandise to the New Bargain Stores, Inc., the total amount of which was $1861.68, and that payments on the account were made at various times during the same period in the total sum of $1580; that on August 12, 1932, defendant's credit manager, James B. Kerrigan, told plaintiff's vice-president, Mr. Zick, that the New Bargain Stores, Inc., was incorporated for $7,000; that defendant owned all of the stock, except three shares; that he visited the New Bargain Stores, Inc., regularly, was supervising the purchases and controlling the policy of the store, ''and that they would see that the debts were paid.'' There was evidence to the effect that Mr. Kerrigan stated to representatives of other wholesale concerns that the defendant was responsible ''for the new bargain center.'' Mr. Kerrigan was defendant's witness. He testified that his duties were limited to passing on the credits of customers and collecting accounts; that he had nothing to do with acquiring any credit for the defendant and never at any time placed orders for it for merchandise; that ''about February, 1932, or a little later, this New Bargain Stores, Inc., was organized. A stock of merchandise and fixtures formed its capital. Frank Kretchmer owned the fixtures worth something like $1,200, and the stock was something like $6,500. At that time Frank Kretchmer was handling this stock of merchandise on consignment for H. T. Poindexter & Sons Merchandise Co. That stock of merchandise was turned in as part of the capital of this corporation.''

The defendant's evidence further shows that the New Bargain Stores, Inc., became a body corporate in February or March of 1932; that its incorporators were Frank Kretchmer, Maude Schrieber and James Kerrigan; that its authorized capital stock was $7500, 84% of which the articles of incorporation recites were actually subscribed and paid up in property; that the property was a stock of general dry goods and clothing of a value of $6300, ''consisting of trade fixtures for use of store, $1,216.00; General Dry Goods, 4,584.00, Clothing, 500.00;'' that two shares of the capital stock were issued to

Frank Kretchmer, one share to Maude Schrieber and 60 shares to James Kerrigan, the defendant's credit manager. Mr. Kerrigan was also the president and treasurer of the corporation.

Kretchmer testified that he owned the fixtures mentioned in the articles of incorporation of the New Bargain Stores, Inc.; that he had no dealings with the defendant except to purchase merchandise on open account; that he was the only manager the new concern had during its existence as a corporation; and that Kerrigan was its president and treasurer; that "from time to time, I consulted with him about orders for merchandise, and he would keep me down and not let me buy too much;" that defendant did not furnish money to the new concern, nor make any contracts for it, nor undertake to pay any of its bills; and that at the time the new concern was incorporated he was indebted to the defendant in the sum of $7,000 or $8,000.

The defendant in claiming that the judgment should be reversed says that an agent can only bind his principal within the scope of his actual or apparent authority; that defendant's credit manager had no authority to obligate the defendant to pay the debts of another corporation, even though he held "title to controlling interest in corporate stock of the latter in trust for the former;" that a collateral verbal promise by a principal stockholder of a corporation to answer for the debts of the corporation is within the statute of frauds; that the credit in question was extended to Bargain Stores and the promise of defendant's credit manager that defendant would see the debts of Bargain Stores paid, was a collateral undertaking to answer for the debts of another and unenforcible under the statute of frauds; that the defense of the statute of frauds was available under the general denial; that generally a corporation is a separate entity from its stockholders, and they are not liable except for full payment of stock subscription; that ownership of all stock by one stockholder in a corporation does not deprive it of an identity separate and apart from the stockholder; that the exercise of control over a corporation by a corporate dominating stockholder, or one who owns all the stock, does not of itself subject such corporate stockholder to personal liability for the subsidiary's corporate debts; that courts will not lightly disregard corporate entities; that where the affairs and assets of a subsidiary corporation are intermingled with those of the parent corporation, without regard to their separate corporate structures, or the former is a mere department of the latter, or where to hold they are separate entities would result in upholding fraudulent conduct, or would work injustice, then, but usually not otherwise, may their separate entities be ignored; and that purchase by one corporation of stock in another is permissible.

The legal principles invoked by the defendant are sound but they do not apply to this case when the whole of the evidence is considered.

The promise of Kerrigan to the effect that defendant "would see"

that the debts of the New Bargain Stores, Inc., were paid, considered alone, was a promise to pay the debt of another and within the statute of frauds.

The evidence offered by the plaintiff does not show that Kerrigan had authority to contract on behalf of the defendant. But the case does not end there.

The defendant's witness, Kerrigan, testified to facts showing that defendant was in fact the organizer of the New Bargain Stores, Inc. Although defendant did not sign its own name to the articles of incorporation (it could not in its corporate name be one of the incorporators), it nevertheless caused or permitted its credit manager to become an incorporator, furnished practically all of the capital of the new concern, had all except 3 shares of the capital stock issued in the name of Kerrigan who held the same in trust for it. Kerrigan was president and treasurer of the new concern and of course controlled its business for and on behalf of the defendant, or at least the trier of the facts could so find.

This is not a case in which a corporation bought stock in another corporation, nor a case in which there were *in fact* separate corporate entities. The defendant and New Bargain Stores, Inc., were separate entities only on paper and the acts of the latter were, legally speaking, the acts of the former. [Winslow Brothers Co. v. McCully Stone Mason Co., 169 Mo. 236; State ex rel. v. Liberty National Bank, 331 Mo. 386, 53 S. W. (2d) 899; Clerk Clothing Company v. Union Trust & Savings Bank, 224 Fed. 363.]

Had the New Bargain Stores, Inc., succeeded financially the defendant would have profited thereby. When the former failed the latter should carry the burden.

The defendant complains of the action of the court in permitting plaintiff's witness Hendrickson to say that Kretchmer said to him: "He just didn't like the idea of Poindexter having a man in there managing the store over him." This evidence was hearsay but harmless, as the remarks of the trial judge show.

The defendant contends the court erred in permitting the plaintiff to introduce its ledger sheets showing the account involved in the action. The evidence shows the ledger sheets were original entries, kept under the supervision of plaintiff's vice president, Zick. The court properly received the ledger sheets in evidence. [Welch-Sandler Cement Company v. Mullins, 31 S. W. (2d) 86.]

The evidence shows the court was warranted in finding for the plaintiff and we should not reverse the judgment for a procedural error which did not affect the result.

The judgment is affirmed. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.